MILTON ADAMS & another *vs.* CHARLES D. PALMER.

An action at law, praying for relief in equity, under *St.* 1853, *c.* 371, cannot be maintained by one tenant in common against another for rent of the common land, and for cutting off the trees; the remedy at law, with the right to apply for an injunction pending the action, being adequate and complete.

ACTION AT LAW, praying for relief in equity, under *St.* 1853, *c.* 371. The declaration contained two counts, the first of which averred that the defendant owed the plaintiffs two thousand dollars for the use and occupation of certain lands in this county, hired by the defendant of the plaintiffs, and owned by the plaintiffs and the defendant in common. The second count averred that the plaintiffs were the owners of one undivided eighth part and the defendant of seven undivided eighth parts of the premises; that the defendant was and had been in occupation of the premises, taking the rents and profits, and had resisted the

attempts of the plaintiffs to obtain partition; that it was convenient to the defendant, but inconvenient to the plaintiffs, to occupy the premises; that the defendant had cut and carried away all the timber growing on the premises, and had been therefor sued in the court of common pleas; and that the defendant was disposed to take advantage of his dwelling on the premises, and of his better ability to occupy the same, to the prejudice of the plaintiffs, and refused to account to the plaintiffs. The declaration prayed for an account, for an injunction from further cutting and waste, and for general equitable relief in equity.

The defendant demurred to the declaration, on the ground that the plaintiff had a plain, adequate, and complete remedy at law.

*J. Rockwell,* for the defendant.

*I. Sumner,* for the plaintiffs.

METCALF, J. Nothing is stated in the plaintiffs' declaration, as matter of complaint against the defendant, for which they have not a plain, adequate and complete remedy at the common law of this commonwealth, if they have any remedy of any kind. And the prayer that he may be further restrained from cutting off wood and timber, and from committing waste, does not give the court equity jurisdiction of the case. Pending an action at law, an injunction against committing waste may be issued, on an application made in due form, and containing proper averments. One of those averments (which is not contained in the present declaration) is the belief or fear of the plaintiff that the defendant is doing or is about to do the acts which the court are asked to restrain.

*Demurrer sustained, and declaration adjudged bad.*